408 So.2d 658 (1981)
William M. HANSEN, Petitioner,
v.
DEAN WITTER REYNOLDS, INC. and Phillip Pauze, Respondents.
No. 81-1878.
District Court of Appeal of Florida, Third District.
December 29, 1981.
Rehearing Denied January 28, 1982.
*659 Fowler, White, Burnett, Hurley, Banick & Strickroot and Curtis Carlson, Miami, for petitioner.
Smathers & Thompson and Hugh J. Turner, Jr., Miami, for respondents.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
By Petition for Writ of Certiorari, William M. Hansen challenges a trial court order which stayed proceedings and compelled him to arbitrate his claims against a securities brokerage firm and one of its employees for negligence and fraud in options transactions. Certiorari is the appropriate method of review. Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980). We hold that respondents, by answering the complaint without demanding arbitration, waived their rights, Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981); King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977); their conduct was inconsistent with the exercise of a right to arbitrate, Roberts Construction Co. v. Masters & Company, Inc., 403 So.2d 1114 (Fla. 5th DCA 1981), even though they asserted Hansen's failure to arbitrate as an affirmative defense. We hold, therefore, that the trial court departed from the essential requirements of law, and we quash the order pertaining to arbitration.
Our decision renders it unnecessary for us to review the enforceability of the arbitration clauses contained in the Customer's Agreement and Options Trading Agreement, both of which provide that New York law governs.
For these reasons, we grant Petition for Writ of Certiorari and quash the order compelling arbitration. We remand the cause for further proceedings.