584 So.2d 35 (1991)
Amadeo TRINCHITELLA, Al Brass, Al Turner, Joe Koppel, Sam Gevirtz and Milton Gordon, Appellants,
v.
D.R.F., INC., a Delaware corporation, Appellee.
No. 90-0927.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
Rehearing, Rehearing and Clarification Denied September 18, 1991.
Louise E. Tudzarov and Peter S. Sachs, Sachs, Sax & Tudzarov, P.A., Boca Raton, for appellants.
John H. Pelzer and Nancy W. Gregoire, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc and Clarification Denied September 18, 1991.
GUNTHER, Judge.
Appellants, defendants below, appeal the trial court's order granting appellee/plaintiff D.R.F., Inc.'s (DRF) motion to compel arbitration. We reverse.
DRF moved the trial court to have its case against the appellants/defendants submitted to arbitration pursuant to the terms of the 1981 Amendment and the 1987 Agreement. The transcript of the hearing on the motion clearly reflects that the appellants/defendants opposed the motion on the sole ground that the 1987 Agreement constitutes the entire agreement between the parties and thus, there is no agreement to arbitrate between the parties. They argued that by express contractual language, the 1987 Agreement, which contains no arbitration provision, superseded the 1981 Amendment, which contains the only arbitration provision.
Although the appellants/defendants in their motion for rehearing on the order granting arbitration attempted to raise new and different issues in support of their opposition to DRF's motion to compel arbitration, we are precluded from considering those in this appeal. We cannot consider the issues raised for the first time in a motion for rehearing in the trial court. School Board of Pinellas County v. Pinellas County Commission, 404 So.2d 1178 (Fla. 2d DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1987).
Thus, in the instant case, the only issue properly before this court is whether the 1987 Agreement, which contains no provision for arbitration, superseded the 1981 Amendment so that the arbitration clause of the 1981 Amendment was no longer in effect. The 1987 Agreement, paragraph 11 states:
11. ENTIRE UNDERSTANDING

This instrument constitutes the entire agreement between the parties hereto and neither party has been induced by the other by representations, promises, or understandings not expressed herein *36 nor are there any collateral agreements, stipulations, promises, or undertakings whatsoever in any way touching upon the subject matter of this instrument which are not expressly contained herein. (emphasis added)
We conclude that pursuant to the clear language of paragraph 11 of the 1987 Agreement, the 1981 Amendment providing for arbitration was superseded. Consequently, since the 1987 Agreement contained no provision for arbitration and superseded the 1981 Amendment containing the arbitration provision, the trial court erred in granting DRF's motion to compel arbitration.
REVERSED AND REMANDED.
LETTS and POLEN, JJ., concur.