610 So.2d 1 (1992)
BARED AND COMPANY, INC., a Florida corporation, and Insurance Company of North America, a foreign insurance company, Appellants,
v.
SPECIALTY MAINTENANCE AND CONSTRUCTION, INC., a Florida corporation, and National Fire Insurance of Hartford, a foreign insurance company, Centex-Great Southwest Corporation, Seaboard Surety Company, St. Paul Fire and Marine Insurance, and the American Insurance Company, Appellees.
No. 92-01815.
District Court of Appeal of Florida, Second District.
October 16, 1992.
Rehearing Denied December 17, 1992.
David T. Knight and Dennis P. Waggoner of Hill, Ward & Henderson, P.A., Tampa, for appellants.
Maxwell G. Battle, Jr. of Maxwell G. Battle, Jr., P.A., Dunedin, for appellees Specialty Maintenance and Nat. Fire.
Guy S. Haggard of Gray, Harris & Robinson, P.A., Orlando, for appellees Centex, Seaboard, St. Paul, and American Ins.
LEHAN, Chief Judge.
Appellants, Bared and Company, Inc. (Bared) and Insurance Company of North America (INA), appeal an order granting motions to compel arbitration filed by Specialty Maintenance and Construction, Inc. (SMCI), National Fire Insurance of Hartford (National Fire), and Centex-Great Southwest Corporation, Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, and The American Insurance Company (the latter four being collectively referred to below as Great Southwest). We reverse because we conclude there was a waiver of the right to arbitration. In explaining our conclusion we will first outline the rather complex procedural and factual background and will then refer to the determinative law.
On November 14, 1990, Sheet Metal Workers Local 15 Joint Apprenticeship Fund, its trustees, and certain other related parties sued Bared, INA, SMCI and National Fire alleging that the defendants were obligated to pay certain contributions under a collective bargaining agreement for work performed by Sheet Metal Workers on the Tampa Convention Center project.
Bared had entered into a subcontract with Centex-Great Southwest Corporation for work involving the construction of the convention center. INA, as surety for Bared, furnished surety undertakings in connection with the subcontract. Bared had thereafter entered into subcontracts with SMCI for a portion of the work provided for in Bared's subcontract with Great *2 Southwest. National Fire furnished a subcontract performance bond and a subcontract labor and material payment bond on behalf of SMCI. SMCI in turn entered into a subcontract with S & S Fabricators, Inc. to perform all or a portion of the construction work subcontracted to SMCI. S & S was bound by a collective bargaining agreement with Sheet Metal Workers. The subcontracts between Bared and SMCI contained a provision providing for arbitration.
Bared and INA filed cross-claims against SMCI and National Fire on June 20, 1991. The cross-claims sought to hold SMCI and National Fire jointly and severally liable for all sums for which Bared and INA might be held liable to Sheet Metal workers.
On July 11, 1991, SMCI and National Fire answered the cross-claim. The answer did not raise the arbitration clause contained in the subcontracts between Bared and SMCI and did not request that arbitration of the cross-claim be compelled.
On July 26, 1991, SMCI and National Fire amended their answer to the cross-claim and asserted ten affirmative defenses. The first and fourth affirmative defenses raised the arbitration clause contained in the subcontracts between Bared and SMCI. SMCI also filed a counter cross-claim against Bared and INA. Counts I and II of the counter cross-claim alleged that Bared had breached its subcontracts with SMCI and was liable for damages. Count III alleged that Bared and INA were jointly and severally liable to SMCI for damages as a result of Bared's alleged breach of the subcontracts. Count IV sought an order compelling arbitration of counts I through III of the counter cross-claim. SMCI demanded a jury trial on all issues triable in both the cross-claim and counter cross-claim.
SMCI contemporaneously filed a motion to compel arbitration and motion for stay, requesting that the court enter an order compelling arbitration of all disputes between Bared, INA and SMCI and staying both the cross-claim and the counter cross-claim.
On December 3, 1991, Bared and INA filed a third party complaint against Great Southwest, alleging that any liability attaching to Bared and INA as a result of SMCI's counter cross-claim was due solely to the acts or omissions of Centex  Great Southwest Corporation, including its breach of its contract with Bared. Bared and INA sought indemnification, contribution and damages from Great Southwest. Great Southwest filed a third party counterclaim against Bared and INA on January 8, 1991. Bared and INA in turn filed a third party complaint against SMCI and National Fire, essentially alleging that any liability of Bared and INA to Great Southwest was due to the acts or omissions of SMCI. This third party complaint sought indemnification, contribution and damages from SMCI and National Fire. SMCI and National Fire did not answer the third party complaint but instead filed a motion to compel arbitration and a motion for stay.
On March 5, 1992, Great Southwest filed a motion requesting entry of an order granting SMCI and National Fire's motions for arbitration. On April 13, 1992, the trial court granted "SMCI's Motion to Compel Arbitration and Motion for Stay" as well as the motion concerning arbitration filed by Great Southwest. The trial court reserved ruling on other pending motions. This appeal followed.
We reverse the trial court's order of April 13, 1992. Consistent with the Notice of Appeal, we construe that order to relate to the initial motion of SMCI and National Fire to compel arbitration regarding the cross-claim and counter cross-claim, as well as to the motion of Great Southwest in that same regard, and to not relate to the subsequent motion of SMCI and National Fire to compel arbitration regarding the third party complaint and third party counterclaim.
"A party's contractual right to arbitration may be waived by active participation in a lawsuit or by taking action inconsistent with that right... . A showing of prejudice [to the other party] is not required if waiver is based upon inconsistent acts." Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617, 618, 619-20 *3 (Fla. 4th DCA 1988), as quoted in State Farm Fire & Casualty Co. v. Kaplan, 596 So.2d 101 (Fla. 2d DCA 1992). SMCI and National Fire originally answered appellants' cross-claim without demanding arbitration and thus waived any right to arbitration. See Hansen v. Dean Witter Reynolds, Inc., 408 So.2d 658 (Fla. 3d DCA 1981); King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977). Contrary to appellees' argument, the fact that SMCI and National Fire subsequently filed an amended answer raising their right to arbitration as an affirmative defense, coupled with a separate demand for arbitration, is not determinative. It was not the substance of the initial answer that resulted in the waiver but the fact that SMIC and National Fire answered rather than demanding arbitration. As in Hansen, "by answering the complaint without demanding arbitration, [appellants] waived their rights ... even though they asserted [appellees'] failure to arbitrate as an affirmative defense." 408 So.2d at 659.
Also, whether or not, as appellees argue, the amended answer of SMCI and National Fire replaced, and related back in time to, their original answer, the fact remains that the demand for arbitration contained in their motion to compel arbitration was filed after their answer and could not even arguably have so related back. Further, even if raising the defense of the arbitration clause, as did SMCI and National Fire in their amended answer, would have been sufficient to constitute a demand for arbitration, and if their argument is taken to be that by filing the amended answer, they revoked and replaced their prior waiver of arbitration, that would not change the result we reach.
One who intentionally relinquishes a known right cannot, without consent of his adversary, reclaim it, for it is well settled that a waiver once made is irrevocable, even in the absence of consideration, or of any change in position of a party in whose favor the waiver operates. And once a right is waived the waiver cannot be withdrawn without the consent of the other party, even if subsequent events prove the right waived to have been more valuable than was anticipated.
28 Am.Jur.2d Estoppel and Waiver § 156 (1966). See also 22 Fla.Jur.2d Estoppel and Waiver § 86 (1980).
We recognize that the law generally favors arbitration as a matter of policy. However, our result, we conclude, is not only consistent with prior law as noted above, but also may be viewed from a policy standpoint as promoting certainty of the law in the sense that the parties to litigation will know where they stand regarding issues like this at an early stage of the litigation.
Reversed and remanded for proceedings consistent herewith.
PARKER and PATTERSON, JJ., concur.