685 So.2d 84 (1996)
LOWE INVESTMENT CORPORATION, a Florida corporation, Appellant,
v.
Joseph CLEMENTE and Robert Alfonso, Appellees.
No. 95-04264.
District Court of Appeal of Florida, Second District.
December 27, 1996.
*85 Michael J. Keane and Richard S. Maselli of Keane & Reese, P.A., St. Petersburg, for Appellant.
Jeff D. Jackson of Bricklemyer, Smolker & Bolves, P.A., Tampa, for Appellee Clemente.
Roger S. Kobert of Roger S. Kobert, P.A., Coral Gables, for Appellee Alfonso.
BLUE, Judge.
Lowe Investment Corporation appeals the judgment entered following a defense verdict in Lowe's action against two insurance agents. Following oral argument, this court affirmed the trial court without issuing a written opinion. Lowe has filed a motion for rehearing requesting the court to reconsider only one of the points previously briefed and arguedthe evidence of a prior settlement that was revealed during the trial.
Motions for rehearing directed to this court are overused, if not abused. See Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983). The motions seem to spring from a belief among some attorneys that this court failed to understand the arguments, ignored those same arguments, or worse, failed to consider the arguments. None of these beliefs are valid, but certain advocates seem to believe one of the above is the only explanation for their loss on appeal. Some losing advocates, as here, apparently believe that a request for rehearing has a better chance for success if demanded in the strongest of terms. See Patton v. State Dep't. of Health & Rehabilitative Servs., 597 So.2d 302, 303 (Fla. 2d DCA 1991) ("We also understand that human emotions occasionally cause such motions to be written with stronger rhetoric than is truly necessary or effective."). This is especially true in cases where the court has not issued a written opinion.
There are many reasons this court decides that a written opinion is unnecessary when affirming a trial court. Usually, the panel of judges considering the appeal agrees that no error occurred. It may be that the claim of error involves the discretion of the trial judge and the panel concludes that such was not abused. Or, the perceived error was harmless. The considerations involved in preparing written opinions were addressed in Whipple: "We write opinions in all reversals and remands and, as noted, in affirmances where we believe an opinion will make a substantial contribution to the law, or where necessary to disclose conflict or certify questions." 431 So.2d at 1015-16. In addition, this court is frequently presented with claims of error which were not properly preserved at trial. Such a claim of error does not warrant a written opinion because the law in this area is clear. This is the reason why this appeal was affirmedtrial counsel failed to properly preserve the error.
During the course of the trial, while cross-examining Lowe's expert witness, counsel for defendant Clemente elicited information about a settlement. We agree with Lowe that the admission of this information was sufficiently egregious to require a mistrial; however, Lowe's attorney made no such request to the trial court. In order for Lowe to prevail on this issue on appeal, it must present either a preserved error or a fundamental error warranting a new trial.
Timely objections are necessary to give a trial court the opportunity to correct errors. City of Orlando v. Birmingham, 539 So.2d 1133 (Fla.1989). Requiring a contemporaneous objection promotes judicial economy and prevents "a party from rolling the dice with the jury, confident that an unvoiced objection will garner a new trial if the verdict is unfavorable." Hargrove v. CSX Transp., Inc., 631 So.2d 345, 346 (Fla. 2d DCA 1994). Trial counsel simply cannot allow error to occur without objection, hope they will win in spite of the error, and be confident of a new trial when the trial court has not been afforded the opportunity to cure the error. The cases are legion that warn trial counsel they cannot have their cake and eat it too. See, e.g., Hagan v. Sun Bank of Mid-Fla., N.A., *86 666 So.2d 580 (Fla. 2d DCA 1996); B.G. Wasden v. Seaboard Coast Line R.R. Co., 474 So.2d 825 (Fla. 2d DCA 1985), review denied, 484 So.2d 9 (Fla.1986).
In this case, Lowe's attorney apparently believes, and certainly argues, that the opposing counsel's conduct rose to the level of fundamental error and thus requires a new trial. However, the cases cited by Lowe for the proposition of fundamental error do not support its argument. See Muhammad v. Toys "R" Us, Inc., 668 So.2d 254 (Fla. 1st DCA 1996) (trial court erred in denying plaintiff's motion for mistrial when defendant's attorney suggested that a settlement had possibly been reached between plaintiff and a nonparty responsible for plaintiff's injuries; plaintiff's attorney had immediately objected and later moved for a mistrial based on the combined effect of all of the previously objected to comments); City of Coral Gables v. Jordan, 186 So.2d 60 (Fla. 3d DCA), aff'd, 191 So.2d 38 (Fla.1966) (after plaintiff brought in evidence regarding settlement of claims, defendant moved for a mistrial); Henry v. Beacon Ambulance Serv., Inc., 424 So.2d 914 (Fla. 4th DCA 1982), review denied, 436 So.2d 97 (Fla.1983) (after defendant's counsel informed the jury of settlement between plaintiff and a third party, plaintiff objected and moved for mistrial); Black v. Montgomery Elevator Co., 581 So.2d 624 (Fla. 5th DCA 1991) (plaintiff contended that the defendant's empty chair argument constituted reversible error; appellate court affirmed because plaintiff never objected to the empty chair argument and it was not a fundamental error). None of these cases support Lowe's argument that the testimony regarding a prior settlement constitutes fundamental error.
We are not without sympathy for Lowe. This protracted case was filed in 1990 and was previously the subject of a mistrial. There is no question that Clemente's counsel's conduct was inappropriate. See Muhammad. Although defense counsel's conduct in asking the question leading to the testimony about a settlement was unprofessional, neither the conduct nor the elicited testimony rises to the level of fundamental error. Lowe's attorney should have timely objected and requested a mistrial. Counsel could even have asked the court to reserve ruling until after the jury had returned a verdict. See Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985). If this case presented us with a properly preserved error regarding the testimony of a prior settlement, a new trial would be mandated. However, because trial counsel failed to preserve the error and the error is not fundamental, this court must adhere to its affirmance.
Accordingly, the motion for rehearing is denied. Lowe's motion does not contain a point of law or fact that this court overlooked or misapprehended, which is the standard for rehearing on appeal. See Fla.R.App.P. 9.300(a). The often-quoted passage from Judge Wigginton's opinion in State v. Green, 105 So.2d 817 (Fla. 1st DCA 1958), cert. discharged, 112 So.2d 571 (Fla.1959), continues to be instructive:
Certainly it is not the function of a petition for rehearing to furnish a medium through which counsel may advise the court that they disagree with its conclusion, to reargue matters already discussed in briefs and oral argument and necessarily considered by the court, or to request the court to change its mind as to a matter which has already received the careful attention of the judges, or to further delay the termination of litigation.
105 So.2d at 818-19.
Affirmed.
PARKER, A.C.J., and SCHEB, JOHN M., Senior Judge, concur.