923 So.2d 615 (2006)
The ESTATE OF Lee L. WILLIAMS, Sr., by and through Betty WILLIAMS, personal representative, Appellant,
v.
MANOR CARE OF DUNEDIN, INC.; Manorcare Health Services, Inc.; Manor Care of America, Inc; Manor Care, Inc.; Maria Alice Segber; Carrie Anne Lund; Heather Flavin; and Michele Ann Wicks (as to Manor Care Nursing Center Dunedin), Appellees.
No. 2D05-3162.
District Court of Appeal of Florida, Second District.
March 29, 2006.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., and John R. Cummings of Wilkes & McHugh, P.A., Tampa, for Appellant.
*616 John R. Blue, Sylvia H. Walbolt, Henry G. Gyden, and Matthew J. Conigliaro of Carlton Fields, P.A., Tampa, for Appellees.
CANADY, Judge.
The Estate of Lee L. Williams, Sr., appeals a circuit court order granting the appellees' (hereinafter referred to as Manor Care) motion to compel arbitration and stay proceedings. The Estate raises three points on appeal. For the reasons expressed below, we reverse on one point and remand for further proceedings.
Lee L. Williams suffered from Alzheimer's disease and was admitted into Manor Care's nursing center on July 29, 2001. At some point after Mr. Williams's arrival, his wife, Betty Williams, signed several documents on his behalf, including an admissions agreement and an arbitration and limitation of liability agreement. Mr. Williams died at the Manor Care nursing center on May 26, 2002. His Estate, by and through Mrs. Williams as the personal representative, filed an action in circuit court against Manor Care. Manor Care answered the complaint, demanding trial by jury and making no mention of arbitration. Nine days later Manor Care filed a motion to compel arbitration. The circuit court held a hearing on the motion and then granted the motion to compel arbitration.
On appeal, the Estate challenges the circuit court's rulings that Manor Care had not waived its right to arbitration, that the arbitration agreement signed by Mrs. Williams was binding on Mr. Williams and his Estate, and that the arbitration agreement is neither procedurally nor substantively unconscionable. We only reach the Estate's claim that the circuit court erred in concluding that Manor Care did not waive any right to arbitration that may have existed.
"[T]here are three elements for courts to consider in ruling on a motion to compel the arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). A party's contractual right to arbitration "may be waived by actually participating in a lawsuit or taking action inconsistent with that right." Id. Although "[a]rbitration provisions are generally favored by the courts . . . an arbitration right must be safeguarded by a party who seeks to rely upon that right." Id. The totality of the circumstances should be considered when determining whether the defaulting party has acted inconsistently with the arbitration right. Id. (relying on Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772 (D.C.Cir.1987)). "The question of whether there has been a waiver of the right to arbitrate is one of fact, and the trial court's decision will be reversed only if there is no competent, substantial evidence to support its ruling." Raymond James Fin. Servs. v. Saldukas, 851 So.2d 853, 856 (Fla. 2d DCA 2003) (citing Merrill Lynch Pierce Fenner & Smith, Inc. v. Adams, 791 So.2d 25, 26 (Fla. 2d DCA 2001)).
In Bared & Co. v. Specialty Maintenance & Construction, Inc., 610 So.2d 1, 2 (Fla. 2d DCA 1992), the defendants to a cross-claim in circuit court answered the cross-claim without raising the issue of arbitration. Two weeks later, they amended their answer and asserted the right to arbitrate as an affirmative defense. Id. They also "contemporaneously filed a motion to compel arbitration." Id. This court held that the cross-claim defendants waived arbitration because they "answered rather than demanding arbitration." Id. at 3. We concluded that a demand for arbitration contained in a subsequently *617 filed motion to compel arbitration did not vitiate the waiver which arose from the failure to demand arbitration in the answer to the cross-claim. We based this conclusion on the general principle that "`[o]ne who intentionally relinquishes a known right cannot, without consent of his adversary, reclaim it.'" Id. (quoting 28 Am.Jur.2d Estoppel and Waiver § 156 (1966)). See also O'Flarity v. Trend Star Dev. Co., 689 So.2d 1297, 1297 (Fla. 4th DCA 1997) (holding that the filing of an answer is an act inconsistent with arbitration); cf. Wieneke v. Raymond, James & Assocs., 495 So.2d 869, 871-72 (Fla. 2d DCA 1986) (holding that there was no waiver where right to arbitration was initially asserted in two related cases in a motion to dismiss in the first case and as the first affirmative defense in the second case); Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149, 1150-51 (Fla. 2d DCA 1981) (holding that there was no waiver where party asserted the right to arbitration in a motion to dismiss filed as its initial response to the lawsuit).
Based on our holding in Bared & Co., we conclude that by its answer to the complaint Manor Care waived any right to arbitration and that its motion to compel arbitration was ineffective to reclaim the right to arbitrate. In its first response to the Estate's complaint, Manor Care filed an answer and in that answer demanded a jury trial. As an affirmative defense, Manor Care asserted a vague defense based on the admission agreement and other unidentified related documents that were executed relative to Mr. Williams's admission to the facility. In this affirmative defense, Manor Care did not specifically refer to the arbitration agreement or to its right to arbitrate. By filing an answer that both demanded a jury trial and failed to demand arbitration, Manor Care manifestly acted in a manner inconsistent with the right to arbitrate.
Two errors in the trial court's analysis contributed to its incorrect conclusion that there was no waiver. First, the trial court erred in requiring the Estate to show that it was prejudiced by Manor Care's inconsistent acts regarding the right to arbitration. "[T]here is no requirement for proof of prejudice in order for there to be an effective waiver of the right to arbitrate." Saldukas, 896 So.2d at 711. Second, the court erred in requiring the Estate to show that Manor Care had knowledge of the right to arbitration. A party to an arbitration agreement and that party's counsel are charged with knowledge of the arbitration agreement. See Mora v. Abraham Chevrolet-Tampa, Inc., 913 So.2d 32, 34 (Fla. 2d DCA 2005).
There is no competent, substantial evidence to support the trial court's ruling that Manor Care did not waive its right to arbitration. By answering the complaint in a manner that was inconsistent with any right to arbitrate, Manor Care failed to safeguard any right to arbitrate that may have existed. We therefore reverse the order granting the motion to compel arbitration and stay proceedings and remand for further proceedings in the circuit court.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.