# Fifth District Court of Appeal
## State of Florida

_____

Case No. 5D21-3172
LT Case No. 2021-10976-CODL

_____

Abu Kawsar, Anthony
Kardriu, And Lamika
Vishkuirti,

    Appellants,

    v.

Alhamdi Group, LLC,

    Appellee.

_____

On appeal from the County Court for Volusia County.
Angela A. Dempsey, Judge.

Tanner Andrews, of Tanner Andrews, P.A.,
DeLand, for Appellants.

David E. Borack, of Borack Law Group, P.A.,
Longwood, for Appellee.


August 31, 2023


Per Curiam.

Abu Kawsar, Anthony Kardriu, and Lamika Vishkuirti (Appellants) appeal a final summary judgment entered in favor of Alhamdi Group, LLC (Appellee) in this breach of commercial lease case. We reverse the summary judgment as to lost business revenue but otherwise affirm.

In its motion for summary judgment and accompanying evidence, Appellee alleged that Appellants breached their commercial lease, and that Appellee was entitled to certain damages, including "lost business revenue" of $2,070. Appellants filed a memorandum in opposition to summary judgment but failed to raise any argument concerning Appellee's claim for lost business revenue.

The trial court ultimately rendered final summary judgment in favor of Appellee, and Appellants filed a motion for rehearing where they argued, for the first time, that the summary judgment evidence failed to sufficiently establish the amount of lost business revenues. The trial court denied the motion for rehearing.

On appeal, Appellee argues that Appellants failed to preserve this argument below. Although Appellants could have made this argument during the summary judgment proceedings, we are bound by our decision in *Elser v. Law Offices of James M. Russ, P.A.*, 679 So. 2d 309, 312 (Fla. 5th DCA 1996). In that case, we determined that a party could preserve an argument in opposition to summary judgment by raising it for the first time on rehearing. *Id.* In so doing, we expressly declined to follow the contrary decisions in *Trinchitella v. D.R.F., Inc.*, 584 So. 2d 35 (Fla. 4th DCA 1991), and *School Board of Pinellas County v. Pinellas County Commission*, 404 So. 2d 1178, 1178 (Fla. 2d DCA 1981). *See also High Definition Mobile MRI, Inc. v. State Farm Mut. Auto. Ins. Co.*, 321 So. 3d 818, 824 (Fla. 4th DCA 2021). As required by *Elser* then, we must consider this argument preserved.

Having preserved this argument, at least in light of *Elser*, we conclude that the summary judgment was improper as to the award of damages for "lost business revenue" because Appellee's affidavit was conclusory as to this item. *See Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC*, 183 So. 3d 374, 382 (Fla. 3d DCA 2013) ("Lost profits must be established with a reasonable degree

of certainty and must be a natural consequence of the wrong." (citation omitted)); *Sampley Enters., Inc. v. Laurilla*, 404 So. 2d 841, 842 (Fla. 5th DCA 1981) ("[A]n award of lost profits must be supported by evidence."). We therefore reverse the summary judgment as to the award of lost business revenue and certify conflict with *Trinchitella, School Board of Pinellas County*, and *High Definition Mobile MRI*.

We otherwise reject Appellants' arguments and affirm.

AFFIRMED in part, REVERSED in part, and REMANDED; CONFLICT CERTIFIED.

EDWARDS, C.J., and WALLIS, J., concur.
EISNAUGLE, J., concurring specially, with opinion.

EISNAUGLE, J., concurring specially.

I agree that we are bound by *Elser v. Law Offices of James M. Russ, P.A.*, 679 So. 2d 309, 312 (Fla. 5th DCA 1996) and therefore must reverse the award for "lost business revenue." However, in my view, *Elser* was wrongly decided. Therefore, were it not for *Elser*, I would affirm because this argument was not properly preserved.

Our supreme court has identified three requirements to properly preserve a legal argument for review. "First, the party must make a timely, contemporaneous objection at the time of the alleged error." *Aills v. Boemi*, 29 So. 3d 1105, 1108 (Fla. 2010). "Second, the party must state a legal ground for that objection." *Id.* "Third, '[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.'" *Id.* (citation omitted); *see also Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985))).

Given that an argument must be raised timely and contemporaneously, the general rule is that an appellate court "cannot consider [an] issue[] raised for the first time in a motion for rehearing in the trial court." *Trinchitella v. D.R.F., Inc.*, 584 So. 2d 35, 35 (Fla. 4th DCA 1991) (applying the rule to an argument made on rehearing in opposition to a motion to compel arbitration); *accord High Definition Mobile MRI, Inc. v. State Farm Mut. Auto. Ins. Co.*, 321 So. 3d 818, 824 (Fla. 4th DCA 2021) (concluding that an argument is not preserved when raised for the first time "*after* the trial court had already granted the motion for summary judgment and entered a final judgment"); *Sch. Bd. of Pinellas Cnty. v. Pinellas Cnty. Comm'n*, 404 So. 2d 1178, 1178 (Fla. 2d DCA 1981). *But see Williams v. Williams*, 152 So. 3d 702,

704 (Fla. 1st DCA 2014) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal.").[1]

In this case, Appellants' argument was not timely and contemporaneous. Indeed, the motion for summary judgment clearly sought damages for lost profits, and the affidavit alleged the specific amount incurred. While the affidavit is conclusory and therefore insufficient, Appellants could have, and should have, pointed out this deficiency before rendition of the final summary judgment.

In my view, *Elser* is incorrect because it fails to consider the first requirement of preservation—a timely and contemporaneous objection at the time of the error. In *Elser*, we reasoned:

> In our view, the order granting a motion for summary judgment is not final until the motion for rehearing is considered and disposed. Until then, a trial judge is free to consider any legal error or matter overlooked relating to the entry of the summary judgment. Indeed, that is the very purpose of a motion for rehearing.

679 So. 2d at 312.

It is true that a "summary judgment is not final until the motion for rehearing is considered and disposed," and I agree that a trial court has considerable discretion to open a judgment on rehearing. *See* Fla. R. Civ. P. 1.530(a). But while a motion for rehearing gives the trial court, in some sense, an opportunity to consider an argument raised for the first time, such a procedure does not give the trial court a *timely and contemporaneous*

---

[1] I agree that we should certify conflict because I find no meaningful way to distinguish our decision today from *Trinchitella*, *School Board of Pinellas County*, and *High Definition Mobile MRI*.

5

opportunity to do so.  In other words, even if the motion for rehearing technically fulfills the second and third requirements on preservation, it does not satisfy the first.  *See Aills*, 29 So. 3d at 1108.

This case illustrates two ways in which an argument raised for the first time on rehearing is generally not timely and contemporaneous.  First, the legal landscape is entirely different on rehearing than during summary judgment proceedings.  Before rendition of summary judgment, the movant has the initial burden, and the trial court must either grant or deny the motion as a matter of law.  *See* Fla. R. Civ. P. 1.510(a) ("The court *shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (emphasis added)).  However, after rendition of summary judgment, the burden not only shifts to the party moving for rehearing, but the trial court also has substantial discretion.[2] *See Villas at Laguna Bay Condo. Ass'n v. CitiMortgage, Inc.*, 190 So. 3d 200, 202 (Fla. 5th DCA 2016) (holding that the trial court abused its discretion in denying motion for rehearing without an evidentiary hearing where the motion "was supported by an affidavit from its counsel establishing colorable grounds that excusable neglect occurred"); *Coffman Realty, Inc. v. Tosohatchee Game Pres., Inc.*, 381 So. 2d 1164, 1167 (Fla. 5th DCA 1980), *opinion approved of,* 413 So. 2d 1 (Fla. 1982) ("[I]t is not an abuse of discretion for a trial judge to hold that an affidavit filed with a petition for rehearing is too late."); *see also Dalrymple v. Franzese*, 944 So. 2d 1240, 1242 (Fla. 4th DCA 2006) (denial of motion for rehearing that attached accident reconstruction expert's affidavit was abuse of discretion where nonmovant was unable to timely file opposing expert's affidavit; "because of Hurricane Wilma and its aftermath, [expert] was unable to meet with the investigating

---

[2] Appellants do not raise the separate argument on appeal that the trial court abused its discretion in denying the motion for rehearing.  *See Villas at Laguna Bay*, 190 So. 3d at 202.  Instead, Appellants' argument is that we should reverse the entry of summary judgment as a matter of law.  These are two substantively different arguments.

officer and complete his investigation and affidavit before the hearing"). For this reason, an argument that might have been a winner before rendition of summary judgment does not necessarily end the inquiry after a case proceeds to rehearing.

Second, the untimely nature of Appellants' argument is especially clear given the time requirements of the summary judgment rule. Our supreme court has carefully adopted a procedure for efficiently disposing of appropriate cases by summary judgment, including specific timeframes. *See* Fla. R. Civ. P. 1.510. But in the fifth district, a party can simply stand silent in the face of a deficient motion or affidavit, safely knowing that *Elser* will compel the trial court to grant rehearing and start all over. This opportunity for gamesmanship is inconsistent with the rule on preservation and can thwart the time requirements of rule 1.510(b)–(c).[3] *Cf. Millar Elevator Serv. Co. v. McGowan*, 819 So. 2d 145, 153 (Fla. 2d DCA 2002) (observing in the context of a jury trial that the preservation requirement "also promotes judicial economy and prevents 'a party from rolling the dice with the jury, confident that an unvoiced objection will garner a new trial if the verdict is unfavorable'" (quoting *Lowe Inv. Corp. v. Clemente,* 685 So. 2d 84, 85 (Fla. 2d DCA 1996))).[4]

In sum, Appellants' argument could have, and should have, been raised before rendition of the final summary judgment. Were it not for *Elser*, I would affirm.

---

[3] For this reason, I would also certify a question of great public importance.

[4] Appellants argue "[s]ummary judgment is meant as a trial substitute, so that Fla. R. Civ. P. 1.530(e) should serve the same purpose as following trial." In essence, Appellants invite this court to add the words "or after rendition of summary final judgment" to rule 1.530(e). I reject this argument because it conflicts with the plain language of the rule. *See* Fla. R. Civ. P. 1.530(e).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____