DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE KING'S ACADEMY, INC.,**
Appellant,

v.

**ANTHONY CALIENDO** and **LYNETTE CALIENDO,**
as Parents and Natural Guardians of I.C., a Minor,
Appellees.

No. 4D2024-2756

[July 30, 2025]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory M. Keyser, Judge; L.T. Case No. 502023CA007530XXXXMB.

Mark Fereg and Brian McPherson of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellant.

Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, and Trevor M. Gordon of Gordon & Partners, P.A., Palm Beach Gardens, for appellees.

FORST, J.

The King's Academy, Inc. ("Defendant") appeals the trial court's order denying its motion to dismiss and compel arbitration in this personal injury matter. As set forth below, we find no trial court error and accordingly affirm.

## Background

After I.C., a minor and student enrolled at Defendant's school, was seriously injured during a routine cheerleading practice on Defendant's premises, her parents ("Plaintiffs") filed suit, alleging another student caused I.C.'s injuries while I.C. was in Defendant's care. Plaintiffs filed this lawsuit, serving their complaint on Defendant's registered agent, and Defendant's attorney ("Attorney") timely answered. Defendant obtained Attorney through its insurance policy.

Defendant's answer addressed the complaint's factual allegations, asserted twenty-one affirmative defenses (none relating to arbitration), and demanded a jury trial. Attorney also served interrogatories and requests to produce on Plaintiffs. Almost two weeks later, Attorney filed a notice to withdraw the pleadings (the answer, interrogatories, and requests to produce) stating those pleadings had been "filed in error." Defendant also moved to dismiss the case and compel arbitration, noting that, when enrolling I.C. at Defendant's academy, Plaintiffs had signed an agreement requiring them to arbitrate any personal injury claims.

Following a hearing, for which Defendant has not provided a transcript, the trial court denied the dismissal motion. The trial court found Defendant had waived its right to arbitration by filing its answer to the complaint, and that Defendant's propounding of discovery was "inconsistent with a timely demand for arbitration."

Defendant later replaced Attorney and moved for reconsideration of the motion to compel. For the first time, Defendant raised the argument that Attorney had not been authorized to act on its behalf. The trial court denied Defendant's motion without explanation.

This interlocutory appeal follows.

## Analysis

We review a trial court's order denying a motion to compel arbitration de novo. *United Healthcare of Fla., Inc. v. N. Broward Hosp. Dist.*, 403 So. 3d 876, 878 (Fla. 4th DCA 2025).

Defendant contends the trial court erred in determining Defendant had "intentionally, voluntarily, or knowingly relinquished its right to arbitrate" and that waiver did not occur. Defendant also claims that Attorney had not been authorized to engage in litigation on its behalf.

We will only address the waiver argument because the "lack of authorization" claim was not raised in Defendant's motion to compel and, "[w]ithout a transcript, we cannot know what evidence the court heard beyond the documents that were filed in the record, and we cannot know what issues were preserved for review." *Burkett v. Burkett*, 155 So. 3d 478, 478 (Fla. 1st DCA 2015).

Furthermore, "[a]n argument raised for the first time in a motion for rehearing will not preserve the argument for appellate review." *Buyer's Choice Auto Sales, LLC v. Palm Beach Motors, LLC*, 391 So. 3d 463, 468

(Fla. 4th DCA 2024); *see also Trinchitella v. D.R.F., Inc.,* 584 So. 2d 35, 35 (Fla. 4th DCA 1991) ("Although the appellants/defendants in their motion for rehearing on the order granting arbitration attempted to raise new and different issues in support of their opposition to DRF's motion to compel arbitration, we are precluded from considering those in this appeal.").

"A party claiming waiver of arbitration must show: 1) knowledge of an existing right to arbitrate and 2) active participation in litigation or other acts inconsistent with the right." *Marine Env't Partners, Inc. v. Johnson,* 863 So. 2d 423, 426 (Fla. 4th DCA 2003). "Active participation in [a] suit works [as] a waiver because it is generally presumed to be inconsistent with the intent to arbitrate." *Id.* at 427. "[O]nce a party has waived the right to arbitration by active participation in a lawsuit, the party may not reclaim the arbitration right without the consent of his or her adversary." *Green Tree Servicing, LLC v. McLeod,* 15 So. 3d 682, 687 (Fla. 2d DCA 2009).

Here, Defendant was legally knowledgeable of an existing arbitration agreement because Defendant was a signatory to the enrollment contract. *See Johnson,* 863 So. 2d at 426 ("[T]he defendants were signatories to the Licensing Agreement and legally charged with knowledge of its terms from the date it was signed."). Such knowledge was imputed to Attorney appearing on Defendant's behalf. *See Est. of Williams ex rel. Williams v. Manor Care of Dunedin, Inc.,* 923 So. 2d 615, 617 (Fla. 2d DCA 2006) ("A party to an arbitration agreement and that party's counsel are charged with knowledge of the arbitration agreement.").

Attorney filed a notice of appearance on Defendant's behalf and an answer, demanded a trial by jury of all issues, and asserted twenty-one affirmative defenses, none of which related to arbitration. Additionally, Attorney, on Defendant's behalf, served interrogatories and requests to produce on Plaintiffs. Attorney's actions on Defendant's behalf were inconsistent with compelling arbitration and were legally sufficient to constitute a waiver. *See Bland v. Green Acres Grp., LLC,* 12 So. 3d 822, 824 (Fla. 4th DCA 2009) ("Filing an answer without claiming the action should be referred to arbitration waives the right to arbitrate."). Therefore, we agree with the trial court and determine that Defendant waived its right to compel arbitration.

## Conclusion

Despite having an agreement to arbitrate with Plaintiffs, Defendant, through its insurance carrier, obtained an attorney who participated in litigation by filing an answer and further pleadings, and propounded

discovery. This constituted a waiver of the parties' agreement to arbitrate personal injury claims. Thus, we affirm the trial court's order denying Defendant's motion to dismiss and compel arbitration.

*Affirmed.*

CIKLIN and CONNER, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***