232 So.2d 190 (1970)
John M. BICKERSTAFF, Appellant,
v.
Donald B. FRAZIER and Saarnell G. Frazier, His Wife, Appellees.
No. M-83.
District Court of Appeal of Florida. First District.
February 3, 1970.
Howell & Deas, Jacksonville, for appellant.
Clark, Rumph, Franson & Hutcheson, Jacksonville, for appellees.
PER CURIAM.
Plaintiff seeks review by interlocutory appeal of an order granting defendants' petition for rehearing rendered subsequent to final judgment in a suit to foreclose a lien for materials and labor furnished to defendants under a construction contract. The effect of the order granting rehearing is to set aside final judgment in favor of plaintiff and to permit defendants to file an amended counterclaim for damages resulting from plaintiff's alleged breach of the building contract.
Appellant contractor contends that appellee owners are conclusively bound by the certificate of completion issued by defendants' *191 architect and are therefore precluded as a matter of law from seeking damages for the contractor's alleged breach of the contract occurring prior to issuance of the certificate. Upon this premise appellant contends the trial court erred in setting aside the judgment of foreclosure and permitting appellees to file an amended counterclaim seeking damages against him. Under the facts shown by the record on appeal, we are of the view that the trial court did not abuse its discretion in rendering the order on rehearing about which appellant complains, and that the architect's certificate of completion does not estop defendants as a matter of law from claiming damages for breach of contract as sought by their proposed amended counterclaim.[1]
Appellees cross-assign as error the trial court's preliminary order denying their motion for compulsory arbitration as provided by the contract entered into between the parties. The contract provides that demand for arbitration by either party must be made within a reasonable time after a dispute between them has arisen. The record reveals that appellees were put on notice as early as June 3, 1968, when their architect's certificate of completion issued that a dispute had arisen as to the amount due plaintiff for final payment under the contract. Notice of such dispute again manifested itself on June 27, 1968, when plaintiff served and recorded his claim of lien for labor and materials furnished under the construction contract. It was not until October 23, 1968, after this suit was filed on August 13, 1968, that appellees finally demanded arbitration. The trial court held that under these facts appellees' demand for arbitration was not made within a reasonable time after the dispute arose and, therefore, the right to arbitration had been waived. Such ruling does not appear to us to constitute an abuse of discretion under the circumstances, and the trial court's order denying arbitration will not be held to constitute error.[2]
Interlocutory appeal dismissed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, and SPECTOR, JJ., concur.
NOTES
[1] Davidson v. S.S. Jacobs Company, (Fla. 1957) 93 So.2d 731; Lawton v. Cain, (La. 1964) 172 So.2d 734.
[2] Hall v. Nationwide Insurance Company, (Fla.App. 1966) 189 So.2d 224.