368 So.2d 906 (1979)
Patrick J. LYONS, Jr., J.W. Walter and the Aetna Casualty & Surety Company, Appellants,
v.
Morris S. KRATHEN, August J. Paluzzi and Ralph A. Carloni, D/B/a Fratex Properties, Klements & Associates Architects & Engineers, Inc., and Carroll D. Klements, Aia, and Joseph A. Truglio, Appellees.
No. 78-1743.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Rehearing Denied April 9, 1979.
*907 Pallot, Stern & Pollack and Mark E. Pollack, Miami, for appellants.
Cristol & Mishan and Steven Mishan, Miami, for appellees.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PER CURIAM.
Defendants, general contractors and their surety, appeal an order denying their motion to compel arbitration.
On August 11, 1975 plaintiff owners, Morris Krathen, August Paluzzi and Ralph Carloni d/b/a Fratex Properties, entered into a standard AIA contract with the defendant general contractors, Patrick J. Lyons, Jr. and J.W. Walter, for the construction of a freight terminal warehouse. With regard to the arbitration of disputes, the contract contained the following provisions:
"7.10 ARBITRATION
"7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, ..., shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
"7.10.2 Notice of the demand for arbitration shall be filed in writing with the other party of the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraph 2.2.10 and 2.2.11 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations."[[1]]
*908 In September Lyons and Walter commenced construction and upon completion, Fratex, by letter of June 9, 1977, notified them of certain defects; but no corrective action was taken. On November 14 the architects notified Lyons and Walter in writing that the deficiencies were their responsibility to remedy. Again Lyons and Walter failed to correct the defects, and on February 14, 1978 Fratex filed a multicount complaint against Lyons and Walter, their surety, the architects and engineers. Thereafter, on March 15 Lyons and Walter filed a motion to compel arbitration. After a hearing, the motion to compel was denied. Lyons and Walter and their surety, Aetna Casualty & Surety Company, appeal the denial order. We affirm.
Under the facts presented in the instant case, we conclude that Lyons and Walter failed to timely make demand for arbitration. As of June 9, 1977 they were put on notice of the defects and on November 14, 1977 the architects rendered their written decision finding that they were responsible for remedying the defects. Pursuant to paragraph 2.2.11 of the contract, Lyons and Walter had 30 days therefrom (or until December 14) in which to demand arbitration. Having failed to exercise their right to arbitration, they waived that right. See 4 Fla. Jur.2d Arbitration and Award § 13 (1978). Although paragraph 7.10.2 provides that the demand for arbitration shall be filed within a reasonable time, we find no abuse of discretion on the part of the trial judge in determining that a motion to compel arbitration filed more than nine months after the first written notice of a dispute and four months after the decision of the architects has not been filed within a reasonable time. Cf. Bickerstaff v. Frazier, 232 So.2d 190 (Fla. 1st DCA 1970).
Finally we note that Lyons and Walter never filed a written notice of demand for arbitration with Fratex, the American Arbitration Association and the architect as required by paragraph 7.10.2 of the contract.
Affirmed.
NOTES
[1] "2.2.10 Any claim, dispute or other matter that has been referred to the Architect, . ., shall be subject to arbitration upon the written demand of either party. However, no demand for arbitration of any such claim, dispute or other matter may be made until the earlier of:

"2.2.10.1 The date on which the Architect has rendered his written decision, or
.2 the tenth day after the parties have presented their evidence to the Architect or have been given a reasonable opportunity to do so, if the Architect has not rendered his written decision by that date.
"2.2.11 If a decision of the Architect is made in writing and states that it is final but subject to appeal, no demand for arbitration of a claim, dispute or other matter covered by such decision may be made later than thirty days after the date on which the party making the demand received the decision. The failure to demand arbitration within said thirty days' period will result in the Architect's decision becoming final and binding upon the Owner and the Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence but will not supersede any arbitration proceedings unless the decision is acceptable to the parties concerned."