414 So.2d 629 (1982)
RINKER PORTLAND CEMENT CORPORATION, Petitioner,
v.
William D. SEIDEL, Trustee of F.C.M. Corporation, Respondent.
No. 82-627.
District Court of Appeal of Florida, Third District.
June 1, 1982.
*630 Dale A. Konigsburg, Lake Park, for petitioner.
Schatzman & Schatzman and Arnold Schatzman, Miami, for respondent.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Petitioner seeks certiorari review of an order denying its motion to dismiss a complaint based on a contract, terms of which required the parties to arbitrate disputes. We have jurisdiction.[1]
The filing of a proof of claim in a bankruptcy proceeding as required by bankruptcy law, along with the filing of a motion to dismiss on grounds that the claim is subject to arbitration, are not acts constituting waiver of the arbitral forum. See Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981). There is no requirement for an additional motion to compel arbitration where movant seeks dismissal based on a contractual right to arbitration. Balboa Insurance Company v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981).
The contract in this case contains no language requiring that a demand for arbitration be filed within a specified time after an act certain, e.g., Lyons v. Krathen, 368 So.2d 906 (Fla. 3d DCA 1979), or that the demand for arbitration be filed within a reasonable time after a dispute has arisen, e.g., Bickerstaff v. Frazier, 232 So.2d 190 (Fla. 1st DCA 1970). Even if the contract be construed to require that the demand for arbitration be made within a reasonable time, whether the demand was timely within the meaning of the contract provision is a matter for the arbitrator to resolve. Public Health Trust of Dade County v. M.R. Harrison Construction Co., 415 So.2d 756 (Fla. 3d DCA 1982);[2]County of Rockland *631 v. Primiano Construction Co., Inc., 51 N.Y.2d 1, 409 N.E.2d 951, 431 N.Y.S.2d 478 (1980).
Certiorari is granted; the order on review is quashed and the cause is remanded with directions to dismiss the complaint.
NOTES
[1] Fla.R.App.P. 9.100; see Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980).
[2] As noted in Public Health Trust of Dade County v. M.R. Harrison Construction Co., supra, the courts in the Lyons and Bickerstaff cases were not squarely presented with the question whether the delay issue should be determined by the trial court, thus the parties in those cases, arguably, acquiesced to a judicial determination of the question.