488 So.2d 894 (1986)
PRUDENTIAL-BACHE SECURITIES, INC., Appellant,
v.
Stephen F. PAULER and Rita C. Pauler, His Wife, Appellees.
No. 85-2862.
District Court of Appeal of Florida, Second District.
May 16, 1986.
Curtis Carlson and Lloyd R. Schwed of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, for appellant.
George A. Routh and Carleton L. Weidemeyer, Clearwater, for appellees.
DANAHY, Judge.
The appellant (Prudential-Bache) appeals from an order denying its motion to compel *895 arbitration, on the ground that Prudential-Bache "by its actions or lack thereof, has waived its right to demand arbitration." We reverse.
The appellees (the plaintiffs) filed a complaint alleging that Prudential-Bache purchased the wrong stock for their account and, as a consequence, the plaintiffs suffered damages. The plaintiffs' account with Prudential-Bache was subject to a "joint account agreement" in which the plaintiffs agreed that any controversy arising out of or relating to their account shall be settled by arbitration. The plaintiffs assert that Prudential-Bache failed to respond to the plaintiffs' complaints and demands prior to the filing of this lawsuit, but there is no allegation by the plaintiffs that they ever demanded arbitration pursuant to their contractual agreement. Instead, they brought this lawsuit.
Prudential-Bache first filed a motion for enlargement of time within which to serve a response to the plaintiffs' complaint or, alternatively, to serve a motion to compel arbitration. Four days later Prudential-Bache filed a motion to dismiss and to strike, directed to alleged deficiencies in the complaint. That motion did not refer to the arbitration right. However, nine days after filing its motion to dismiss and strike, Prudential-Bache filed a motion to stay the action and compel arbitration. The trial judge's denial of that motion gave rise to this appeal.
The rule is that a party is deemed to have waived arbitration if the right to arbitration is asserted after the party has actively participated in the lawsuit. Balboa Insurance Co. v. Mills, 403 So.2d 1149 (Fla. 2d DCA 1981). Thus we are confronted with the specific question whether Prudential-Bache's motion to dismiss and strike, directed to deficiencies in the complaint, constituted such an active participation in the lawsuit as to constitute a waiver of the right of Prudential-Bache to compel arbitration. We hold that it did not. In Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983), the Fifth District Court of Appeal held that a party's filing of a motion to dismiss its opponent's complaint for failure to state a cause of action did not constitute a waiver of that party's right to arbitrate the dispute. The court observed that the filing of the motion to dismiss was not so inconsistent with the right to arbitrate that a waiver may be implied therefrom. We agree with the reasoning and the holding in Graham Contracting, Inc. v. Flagler County.
Accordingly, we reverse and remand for further proceedings consistent herewith.
SCHEB, A.C.J., and SANDERLIN, J., concur.