495 So.2d 869 (1986)
Jack D. WIENEKE and Paul M. Wieneke, Appellants,
v.
RAYMOND, JAMES & ASSOCIATES, INC., William D. Thatcher, Robert Hook, Jimmy R. Pate and Frank O'Rourke, Appellees.
No. 86-839.
District Court of Appeal of Florida, Second District.
October 8, 1986.
*870 Betsy L. Warwick of Welbaum, Zook, Jones & Williams, Miami, for appellants.
Guy M. Burns of Johnson, Blakely, Pope, Bokor, Ruppell & Burns, P.A., Tampa, for appellees Raymond, James & Associates, Inc., and Jimmy R. Pate.
John A. Meadows and August Quesada of Wildt, Quesada & Walker, P.A., Jacksonville, for appellees William D. Thatcher and Frank O'Rourke.
James E. Tatman, Winter Park, for appellee Robert Hook.
SCHEB, Acting Chief Judge.
Jack and Paul Wieneke appeal from a nonfinal order granting appellees' motion to compel arbitration. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). We affirm.
The Wienekes opened investment accounts at Raymond, James & Associates, Inc., after discussions with William Thatcher and Robert Hook, two salesmen of Raymond James' Daytona Beach office. In connection with the opening of these accounts, Raymond James mailed to the Wienekes' Indiana home certain standard form documents. These forms included customer agreements which contained preprinted, standard arbitration clauses providing that "all controversies which may arise between us concerning any transaction or the construction, performance, or breach of this or any other agreement between us, ... shall be determined by arbitration... ." No one at Raymond James discussed arbitration with the Wienekes before the opening of the accounts. The Wienekes executed the form documents and returned them to Raymond James.
Subsequently, Jack and Paul Wieneke brought a securities fraud action against defendants Raymond, James & Associates, Robert Hook, William D. Thatcher, and Jimmy R. Pate, a senior vice president of Raymond, James & Associates. The complaint alleged violations of chapter 517, Florida Statutes (1983), breach of fiduciary duty, negligence, civil theft pursuant to section 812.014(2), Florida Statutes (1983), and racketeering pursuant to section 895.03, Florida Statutes (1983). The Wienekes alleged these causes of action arose from fraudulent and improper handling of their investment accounts by Raymond James. This action was originally brought in Dade County Circuit Court.
In response to this complaint, the defendants filed a motion to compel arbitration and stay proceedings. They also filed a motion to dismiss for improper venue or, alternatively, to change venue to Pinellas County. The Dade County Circuit Court granted the motion for change of venue but denied the motion to compel arbitration.
The defendants then filed a notice of appeal in the Third District Court of Appeal concerning denial of the arbitration motion. They also filed a motion to dismiss in the Dade County Circuit Court due to the Wienekes' failure to tender the transfer *871 fee to the Clerk of the Pinellas County Circuit Court within the thirty days required by Florida Rule of Civil Procedure 1.060(c).
The defendants filed a motion for stay pending appeal in the Pinellas County Circuit Court seeking to stay the proceedings pending the appeal of the denial of their arbitration motion in the third district. The circuit court denied this motion. The defendants also filed an answer and affirmative defenses and subsequently an amended answer and affirmative defenses in the circuit court in Pinellas County. In each instance their first affirmative defense alleged that the Wienekes had entered into a valid, irrevocable, and enforceable agreement to arbitrate the dispute. The defendants then filed a motion with the Third District Court of Appeal to stay all proceedings and thereby maintain the status quo of the parties pending appeal of the denial of their arbitration motion. The third district denied this motion.
Meanwhile, the Dade County Circuit Court granted the defendants' motion to dismiss for the Wienekes' failure to tender the appropriate transfer fee to Pinellas County. Then the Third District Court of Appeal reversed the Dade County Circuit Court's order denying arbitration, holding that the Dade County Circuit Court should not have ruled on the merits of the arbitration issue while simultaneously transferring the action to Pinellas County. The third district decided the motion to compel arbitration should have been ruled on by the transferee court in Pinellas County. Raymond, James & Associates, Inc. v. Wieneke, 479 So.2d 754 (Fla.3d DCA 1985). The Pinellas County Circuit Court dismissed the Wienekes' lawsuit without prejudice for their failure to timely pay the correct transfer fee.
The Wienekes next proceeded to file suit in Pinellas County Circuit Court adding appellee Frank O'Rourke, manager of Raymond James' Daytona Beach office, as a new defendant. They also alleged common law fraud as a new cause of action against all appellees. The appellees responded by filing a motion to compel arbitration and stay proceedings and a motion for enlargement of time within which to respond to the complaint pending the court's ruling on the arbitration motion. After initially denying the motion to compel arbitration, the Pinellas County Circuit Court reconsidered and ordered arbitration of the Wienekes' claims.
The Wienekes appeal of that order granting arbitration is now before us. They raise two issues. First, they contend that the boilerplate language used in Raymond James' standard form contract which requires arbitration is voidable because of the disparity of bargaining power between the parties. Second, they argue that the appellees waived any right which they might have had to arbitrate this dispute by engaging in conduct inconsistent with arbitration. We see no merit to either contention.
As to the first point, the Federal Arbitration Act, 9 U.S.C.A. §§ 1-14 (West 1970), compels enforcement of arbitration clauses in brokerage agreements on pendant state law claims. Oppenheimer & Co. v. Young, 475 So.2d 221 (Fla. 1985); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Westwind Transportation, Inc., 442 So.2d 414 (Fla. 2d DCA 1983). Under the Act, an arbitration provision is valid, irrevocable, and enforceable except on such legal or equitable grounds existing for the revocation of a contract. Merrill Lynch, Pierce, Fenner & Smith, 442 So.2d at 417. The Wienekes' made no allegations in their complaint of any facts concerning any disparity of bargaining power or unconscionability of the contract. Therefore, the "disparity of bargaining power" argument is insufficient.
As to the second argument, a party waives arbitration if arbitration is asserted after the party has actually participated in a lawsuit. Prudential-Bache Securities, Inc. v. Pauler, 488 So.2d 894 (Fla. 2d DCA 1986); Balboa Insurance Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981). Here, the appellees initially demanded arbitration in the suit filed in *872 Pinellas County, as well as in the previous lawsuit in Dade County. Thus, the appellees' filing of the various motions to dismiss, as well as the other motions, did not constitute a waiver of the right to compel arbitration. Prudential-Bache Securities, 488 So.2d at 895; Graham Contracting, Inc. v. Flagler, 444 So.2d 971 (Fla. 5th DCA 1983), petition for review denied, 451 So.2d 848 (Fla. 1984). Moreover, the appellees' filing of their answer and amended answer did not waive their right to arbitrate since they asserted the arbitration clause as their first affirmative defense in both pleadings. Cf. King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977)(defendant abandoned right to arbitration by answering complaint without demanding arbitration). Consequently, the trial court properly granted appellees' motion to compel arbitration.
Affirmed.
FRANK and HALL, JJ., concur.