707 So.2d 955 (1998)
Abraham HIRSCHFELD, et al., Appellants,
v.
CRESCENT HEIGHTS, X, INC., Appellee.
No. 97-3016.
District Court of Appeal of Florida, Third District.
March 31, 1998.
*956 Harry Tempkins, Miami Beach, for appellants.
Ronald S. Lowy, Miami Beach, for appellee.
Before COPE, GERSTEN and FLETCHER, JJ.
PER CURIAM.
Appellants, Abraham Hirschfeld, as Trustee for Castle Club Corp., Abrahram Hirschfeld a/k/a Abe Hirschfeld and Zipora Hirschfeld (the "defendants"), appeal a non-final order denying arbitration. We reverse, because the defendants did not act inconsistently with arbitration.
Appellee, Crescent Heights, X, Inc., ("Crescent Heights") sued the defendants for breach of contract. The defendants responded to the complaint by filing a motion to dismiss for failure to state a cause of action. Denying the motion, the trial court ordered the defendants to answer the complaint. Prior to answering, the defendants filed another motion to dismiss, based on a contractual right to arbitration. This motion did not include a formal demand to compel arbitration. The trial court denied the motion to dismiss, ruling that the defendants waived arbitration. The defendants now appeal.
Clearly, a party who actively participates in a lawsuit waives the right to arbitration. See Lapidus v. Arlen Beach Condominium Ass'n, 394 So.2d 1102 (Fla. 3d DCA 1981). Here, it cannot be said that the defendants actively participated in litigating to the extent of waiving the right to arbitration. The filing of a motion to dismiss directed at technical deficiencies in the complaint, such as the defendants' first motion, is not "active participation" amounting to a waiver. See Prudential-Bache Sec. v. Pauler, 488 So.2d 894 (Fla. 2d DCA 1986); Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983). Additionally, a formal motion to compel arbitration is not required when a movant seeks dismissal based on a contractual right to arbitrate. See Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982). The motion to dismiss is in substance, a simultaneous motion to compel arbitration and a demand for arbitration. See U.S. Fire Ins. Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983); Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981).
Because the defendants acted consistently with arbitration, the trial court should have treated the defendants' second motion to dismiss as a motion to compel arbitration. See Balboa, 403 So.2d at 1151 (dismissal motion, which was substantially a motion to compel arbitration, governed by substance rather than label). Accordingly, we vacate the order denying the motion to dismiss and remand the case with instructions to refer this matter to arbitration.
Reversed and remanded with instructions.