794 So.2d 677 (2001)
KINDER MOBILE HOME SALES, INC., etc., Appellant,
v.
Cortley R. CLEMENS and Mary L. Clemens, his wife, Appellees.
No. 5D01-614.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
Rehearing Denied September 19, 2001.
Garry D. Adel, of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for Appellant.
John H. Bill, of Godbold, Downing, Sheahan & Bill, P.A., Winter Park, for Appellee, Homes of Merit, Inc.
Michael W. Johnson, Ocala, for Appellees, Cortley R. Clemens and Mary L. Clemens.
GRIFFIN, J.
This is the appeal of a non-final order denying the motion of Kinder Mobile Home Sales, Inc. ["Kinder"], seller of a mobile home, to compel arbitration of the claim filed by Plaintiffs Cortley R. and *678 Mary L. Clemens ["Clemens"], buyers of the mobile home.
The Clemenses' contract with Kinder contains the following arbitration clause:
ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL
a. Dispute Resolution. Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.
b. Arbitration. Since this Contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.
In addition, the Clemenses signed an Addendum which provided:
NOTICE: THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.
THE UNDERSIGNED AGREE THAT ANY CONTROVERSY OR CLAIM BETWEEN THEM ARISING OUT OF OR RELATING TO THIS CONTRACT, OR BREACH THEREOF, SHALL BE SETTLED EXCLUSIVELY BY ARBITRATION IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES THEN IN FORCE OF THE AMERICAN ARBITRATION ASSOCIATION. THE DECISION RENDERED BY THE ARBITRATOR(S) SHALL BE A FINAL AND BINDING RESOLUTION OF THE CONTROVERSY OR CLAIM, WHICH MAY BE ENTERED AS A JUDGEMENT IN ANY COURT HAVING JURISDICTION THEREOF, NEITHER PARTY SHALL SUE THE OTHER WHERE THE BASIS OF THE SUIT IS THIS CONTRACT, OR BREACH THEREOF, UNLESS THE SUIT CONCERNS THE ENFORCEMENT *679 OF THE DECISION RENDERED BY THE ARBITRATOR(S).

ACKNOWLEDGMENT OF ARBITRATION

I UNDERSTAND THAT THIS AGREEMENT CONTAINS AN AGREEMENT TO ARBITRATE, AFTER SIGNING THIS DOCUMENT, I UNDERSTAND THAT I WILL NOT BE ABLE TO BRING A LAWSUIT CONCERNING ANY DISPUTE THAT MAY ARISE WHICH IS COVERED BY THE ARBITRATION AGREEMENT, UNLESS IT INVOLVES A QUESTION OF CONSTITUTIONAL OR CIVIL RIGHTS. INSTEAD, I AGREE TO SUBMIT ANY SUCH DISPUTE TO AN IMPARTIAL ARBITRATOR.
The Clemenses filed suit against Kinder and Homes of Merit, Inc., ["Homes"], manufacturer of the mobile home. Kinder filed a Motion to Dismiss and Demand for Arbitration. The Clemenses' counsel argued that their claims do not fall under the arbitration clause because the claims are asserted against two separate entities, Kinder and Homes. Also, since Homes is not subject to arbitration, it would be uneconomical for the plaintiffs to have to arbitrate with Kinder and proceed with the lawsuit against Homes. The trial court denied the motion without explanation. We reverse because we can find no legal ground to deny arbitration to Kinder.
Although appellee is correct that Kinder should have proceeded by a motion to abate or stay the proceeding, instead of by a motion to dismiss, this is not a fatal mistake. The motion should rather be treated as a motion to stay or abate and granted as to Kinder. EMSA Ltd. Partnership v. Mason, 677 So.2d 105 (Fla. 4th DCA 1996).
Appellees also argue that Kinder waived arbitration by failing to request it but this argument fails because Kinder did request arbitration by filing its Motion to Dismiss and Demand for Arbitration. See Hirschfeld v. Crescent Heights, X, Inc., 707 So.2d 955 (Fla. 3d DCA 1998).
Finally, the contractual duty to arbitrate cannot be avoided by the assertion of claims against additional parties. See Post Tensioned Engineering Corp. v. Fairways Plaza Assocs., 412 So.2d 871 (Fla. 3d DCA 1982); Steinberg/W.F.I. Foods, Inc. v. D.C.M. and Assocs., 522 So.2d 512 (Fla. 4th DCA 1988); NEC Electronics, Inc. v. VG Sales Co., 655 So.2d 1146 (Fla. 4th DCA 1995).
REVERSED and REMANDED.
COBB and PALMER, JJ., concur.