932 So.2d 449 (2006)
THE HILLIER GROUP, INC., d/b/a The Hillier Group Architecture, New Jersey, Inc., Appellant,
v.
TORCON, INC., Appellee.
No. 2D05-4615.
District Court of Appeal of Florida, Second District.
May 31, 2006.
Rehearing Denied July 11, 2006.
*451 Curtis L. Brown and Mark T. Snelson of Wright, Fulford, Moorhead & Brown, P.A., Orlando, for Appellant.
Adam P. Handfinger and Rebecca E. Johnson of Peckar & Abramson, Fort Lauderdale, for Appellee.
WALLACE, Judge.
The Hillier Group, Inc., d/b/a The Hillier Group Architecture, New Jersey, Inc. (Hillier), appeals a nonfinal order denying its motion to compel arbitration of a construction dispute that is the subject of an action filed by Torcon, Inc. (Torcon).[1] Because the parties' agreement specifically provided for arbitration of the dispute and Hillier did not waive its right to arbitration, we reverse the circuit court's order.

I. FACTS AND PROCEDURAL HISTORY
Beneficial Management Corporation of America (the Owner) engaged Torcon as the design/builder of an office building and parking garage located in Tampa. Torcon retained Hillier to provide architectural *452 and engineering services on the project. Torcon and Hillier used a standard form published by The American Institute of Architects to memorialize their agreement (the Contract).[2]
After the project was completed, the Owner sued Torcon for alleged design and construction defects in the project. In turn, Torcon filed a separate action against Hillier and several other subcontractors for indemnity and breach of contract.[3] Hillier responded by moving to dismiss the complaint because, among other reasons, Torcon had not submitted its claim to arbitration as required by the Contract.
After a hearing, the circuit court entered a written order denying Hillier's motion. The circuit court's order contained the following brief explanation for the denial of Hillier's arbitration demand: "Torcon is not required to submit its claims against Hillier to Arbitration." The basis of the circuit court's ruling is not clear from the written order. However, the trial judge stated at the motion hearing that Hillier had waived its arbitration right by failing to make a timely demand for arbitration of the parties' ongoing dispute.

II. PRELIMINARY MATTERS
Our standard of review of an order denying a motion to compel arbitration is de novo. See Orkin Exterminating Co. v. Petsch, 872 So.2d 259 (Fla. 2d DCA 2004). "In determining whether a dispute is subject to arbitration, courts consider at least three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Stacy David, Inc. v. Consuegra, 845 So.2d 303, 306 (Fla. 2d DCA 2003) (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)).

III. TORCON'S ARGUMENTS
In this appeal, Torcon restates the four arguments it made in the circuit court in opposition to Hillier's request for arbitration. First, the Contract merely calls for presuit, nonbinding mediation or arbitration rather than binding arbitration. Second, Torcon's claims against Hillier are so inextricably intertwined with the claims of the Owner against Torcon and Torcon's claims against the other subcontractors that judicial economy requires resolving all claims in a single action. Third, Hillier waived its right to arbitration by failing to timely serve a demand for arbitration in accordance with the requirements of the Contract. Finally, Hillier also waived its right to arbitration by filing an answer to a separate action for declaratory relief filed by Torcon against Hillier without asserting its right to arbitration. We will consider each of these arguments separately.

IV. DISCUSSION

A. Nonbinding Arbitration or Binding Arbitration?
Torcon's first argument is based on a minute dissection of the language of the arbitration provision in the Contract. Article 6 of the Contract addresses the subject of "Dispute Resolution  Mediation and Arbitration" in detail. Paragraph 6.1 of Article 6 provides:
Claims, disputes or other matters in question between the parties to this Part 2 Agreement arising out of or relating to this Part 2 Agreement or breach thereof *453 shall be subject to and decided by mediation or arbitration. Such mediation or arbitration shall be conducted in accordance with the Construction Industry Mediation or Arbitration Rules of the American Arbitration Association currently in effect.
Torcon argues that because the words "only," "solely," "binding," or "final" are not found in the arbitration provision, at best it only suggests nonbinding arbitration as one method of dispute resolution.
Torcon's first argument is unpersuasive for two reasons. First, the language of paragraph 6.1 providing that the parties' disputes "shall be subject to and decided by mediation or arbitration" is sufficient to create an enforceable agreement for binding arbitration. The Third District has held an arbitration clause with similar operative language to be valid and enforceable. See Post Tensioned Eng'g Corp. v. Fairways Plaza Assocs., 412 So.2d 871, 872-73 (Fla. 3d DCA 1982). We decline to adopt a rule that would require an arbitration clause to contain one or more "magic words" to be enforceable. Second, Torcon's strained interpretation of paragraph 6.1 is incompatible with Florida's strong policy favoring the enforcement of agreements to arbitrate. See Orkin Exterminating, 872 So.2d at 263. The application of this policy is especially appropriate in cases such as this one involving a complicated construction industry dispute. See K.P. Meiring Constr., Inc. v. Northbay I & E, Inc., 761 So.2d 1221, 1223 (Fla. 2d DCA 2000). "When there is an enforceable arbitration agreement, the courts should require the terms to be followed." Healthcomp Evaluation Servs. Corp. v. O'Donnell, 817 So.2d 1095, 1097 (Fla. 2d DCA 2002).

B. Considerations of Judicial Economy
Torcon relies on cases from other jurisdictions for its argument that considerations of judicial economy support the trial court's decision to deny Hillier's motion to compel arbitration. We find the Florida authorities more persuasive, and we disagree with Torcon's second argument. In Post Tensioned Engineering, an owner filed suit against a contractor. 412 So.2d at 872. The contractor moved to compel arbitration in accordance with a contract. Id. The trial court denied the motion, and the contractor petitioned for a writ of certiorari. Id. On appeal, the owner urged the Third District to deny the contractor's petition because the owner had not sued only the contractor with whom it had an agreement to arbitrate, "but has sued and intends to sue others with which it has no such agreement, and with which, therefore, the dispute must be litigated in court." Id. at 875. Our sister court emphatically disagreed. Id. "In light of the strong public policy favoring arbitration," the Third District reasoned, "we cannot accept the proposition that a party to a contract calling for arbitration may avoid that undertaking by the simple device of joining as defendants in its lawsuit others with which the party has no such agreement to arbitrate." Id. (citations omitted). Both the Fourth District and the Fifth District have also held that a party cannot avoid a contractual duty to arbitrate by asserting claims against additional parties. See Kinder Mobile Home Sales, Inc. v. Clemens, 794 So.2d 677, 679 (Fla. 5th DCA 2001); Steinberg/W.F.I. Foods, Inc. v. D.C.M. & Assocs., 522 So.2d 512, 513 (Fla. 4th DCA 1988). Under the circumstances of this case, considerations of judicial economy have no role to play in determining whether the parties' dispute is subject to arbitration. Cf. Healthcomp Evaluation Servs., 817 So.2d at 1097 (stating that the trial court improperly considered judicial economy in refusing to compel arbitration of three *454 counts encompassing arbitrable claims in an eight-count complaint where the claims asserted in the other five counts were nonarbitrable).

C. Waiver by Failure to Make a Timely Demand
A consideration of Torcon's argument that Hillier waived its arbitration right by failing to make a timely demand requires a review of the pertinent provision of the Contract. Paragraph 6.3 of Article 6 addresses the subject of how the parties are to make a demand for arbitration:
Demand for arbitration shall be filed in writing with the other party to this Part 2 Agreement and with the American Arbitration Association. A demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statutes of repose or limitations.
Thus the arbitration provisions in the Contract do not fix a specific time limit for making a demand for arbitration. Instead, they only require that the demand be made "within a reasonable time."
At the hearing in the circuit court on Hillier's motion, the trial judge reviewed Article 6. Afterwards, the trial judge initiated a colloquy with Hillier's attorney concerning Hillier's compliance with the provisions of paragraph 6.3:
THE COURT: Has Hillier filed a demand for arbitration or mediation with the American Arbitration Association?
MR. BROWN [Hillier's attorney]: Hillier has not, but Torcon has not. Torcon is the one filing the complaint.
THE COURT: Right. Well, then it's been waived.
MR. BROWN: How has it been waived, Judge?
THE COURT: Because you didn't do it.
It says right here. The contract says, "Demand-" you are the one that wants the mediator or arbitrator, right?
MR. BROWN: I'm not the one  I don't want to do either. I don't want to be in litigation. The person that's initiating the cause of action 
THE COURT: If you don't want to do either then, you didn't want to arbitrate.
MR. BROWN: Well, in [this] instance I'm asking for the arbitration right now.
THE COURT: Too late.
MR. BROWN: Okay.
THE COURT: Too late.
MR. BROWN: Okay.
THE COURT: You started to litigate, and when you  if you wanted to mediate [sic], you got to mediate [sic] in accordance with the contract.
. . . .
THE COURT: That's what the contract says. And they have to do it by making a demand for it and filing a demand with the American Arbitration Association. They haven't done that 
This interesting exchange between the trial judge and Hillier's counsel raises two questions about the sufficiency of Hillier's demand for arbitration: (1) whether Hillier's failure to demand arbitration prior to being sued amounted to a waiver of its arbitration right and (2) whether Hillier had waived its right to arbitration by failing to comply with the requirements of the Contract that the assertion of that right be made within a reasonable time after the claim arises.
*455 The implication of the trial judge's comments was that Hillier was required to make a demand for arbitration with the American Arbitration Association before Torcon filed its lawsuit or Hillier would waive its right to arbitration. The response by Hillier's counsel  "I don't want to do either"  was entirely understandable. Insofar as our record reflects, Hillier had no claim against Torcon. Thus Hillier had no reason to file a lawsuit or to initiate an arbitration proceeding against Torcon. Both proceedings would undoubtedly be costly, and Hillier had nothing to gain in either forum. But once Hillier was brought into court, it promptly opted for arbitration instead of litigation.
We think that the adoption of the rule that a defending party waives the right to arbitration by failing to demand it prior to being sued would be unwise. Such a rule would enable one of the contracting parties to circumvent an arbitration provision by filing a lawsuit before the other party filed a demand, thereby encouraging the immediate resort to litigation as soon as a dispute became a glimmer on the horizon. This would upset the established expectations of contracting parties who have chosen arbitration as the preferred means of settling their disputes. Thus, as in this case, where the arbitration clause in the parties' agreement requires only a reasonable time within which a demand for arbitration is to be made, the party filing the lawsuit cannot argue for a waiver based on the defending party's failure to preempt the litigation with an earlier demand for arbitration. Consequently, Hillier's failure to initiate an arbitration proceeding before Torcon filed its lawsuit did not result in a waiver of its right to demand arbitration under the Contract.
We turn now to Torcon's argument that Hillier's arbitration demand was untimely. Torcon claims that Hillier was on notice of the dispute about the project in January 2003. Nevertheless, Hillier did not demand arbitration until it filed its motion to dismiss Torcon's complaint twenty-one months later in September 2004. According to Torcon, Hillier did not make its demand for arbitration within a reasonable time, and Hillier thereby waived its right to arbitration.
In support of its waiver theory, Torcon relies on Lyons v. Krathen, 368 So.2d 906 (Fla. 3d DCA 1979). In Lyons, the owners of a construction project notified the general contractor of defects in the construction. Id. at 908. Five months later, when the general contractor had not responded, the project architect notified the contractor of its written decision that "the deficiencies were [the contractor's] responsibility to remedy." Id. Three months after the second notice, the owners filed a lawsuit against the general contractor. Id. The general contractor countered by filing a motion to compel arbitration in accordance with the parties' contract. The contract provided that a failure to demand arbitration within thirty days of a party's receipt of the architect's decision on a dispute that had been referred to them would "result in the Architect's decision becoming final and binding upon the Owner and the Contractor." Id. at 907. Based on the specific time limit for making the demand for arbitration fixed in the parties' contract, the Third District held that the contractor had waived its right to demand arbitration because it had failed to file the demand within the thirty-day limit. Id. at 908.
In this case, the contract between Torcon and Hillier does not provide a specific time limit within which a demand for arbitration must be made, except that the demand must be made within a reasonable time and within the period of the applicable statute of limitations. Therefore, *456 Lyons is not controlling here. In Alderman v. City of Jacksonville, 902 So.2d 885, 887 (Fla. 1st DCA 2005), the First District distinguished untimeliness of a demand for arbitration and waiver of the right to demand arbitration. "Mere delay creating untimeliness is distinct from the active participation that creates waiver. Because the facts of this case suggest only delay, a waiver analysis is improper. And questions of timeliness are to be decided by an arbitrator, not a trial court." Id. (citations omitted).
Although a motion to compel arbitration or to stay the proceedings pending arbitration would have been preferable, Hillier's motion to dismiss claiming a right to arbitration under the Contract was sufficient to raise the issue. Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149, 1150-51 (Fla. 2d DCA 1981); Hirschfeld v. Crescent Heights, X, Inc., 707 So.2d 955, 956 (Fla. 3d DCA 1998). Filing the motion to dismiss did not constitute active participation in the lawsuit that would waive Hillier's right to arbitration. Prudential-Bache Sec., Inc. v. Pauler, 488 So.2d 894, 895 (Fla. 2d DCA 1986); Hirschfeld, 707 So.2d at 956. "The question of waiver is one of fact, reviewable for competent substantial evidence. All questions about waivers of arbitration should be construed in favor of arbitration rather than against it." Doctors Assocs., Inc. v. Thomas, 898 So.2d 159, 162 (Fla. 4th DCA 2005) (citation omitted). Whether Hillier's demand for arbitration was untimely under the Contract is a question for the arbitrator to decide. See Executive Life Ins. Co. v. John Hammer & Assocs., Inc., 569 So.2d 855, 857 (Fla. 2d DCA 1990); Alderman, 902 So.2d at 887; CED Constr., Inc. v. Kaiser-Taulbee Assocs., Inc., 816 So.2d 813, 814 (Fla. 5th DCA 2002).

D. Waiver by Failing to Demand Arbitration in Other Litigation
Finally, Torcon argues that Hillier waived its right to arbitration by omitting to demand arbitration in its answer to a separate action for declaratory relief filed by Torcon against Hillier. Torcon sued Hillier for declaratory relief after it had filed the action asserting claims for indemnity and breach of contract against Hillier and the other subcontractors on the project. In the separate action for declaratory relief, Torcon asked the circuit court to construe the Contract and determine that Hillier was required to participate in and to attend the mediation of Torcon's dispute with the Owner. Hillier served its answer to the action for declaratory relief the same day that it served its motion to dismiss Torcon's complaint for indemnity and breach of contract. In its answer to the action for declaratory relief, Hillier alleged that Torcon's action was barred by the statute of limitations and that the complaint failed to state a cause of action, but it did not assert a right to arbitration under the Contract. Torcon argues that Hillier's omission to assert its arbitration right in the action for declaratory relief amounted to a waiver of its right to arbitration in the pending damages action.
We find Torcon's final argument unpersuasive. Granted, litigation by a party of arbitrable issues might support a finding of the waiver of the right to arbitration of related issues in a subsequent proceeding. See, e.g., MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 250-55 (4th Cir.2001) (evaluating a claim of waiver predicated on prior litigation of related arbitrable issues but finding no waiver under the facts of the case). A court may find that a party has waived its right to arbitration by participating in an earlier action where the party's participation has given it an advantage when it submits a *457 subsequent claim to arbitration. See generally Commonwealth Equity Servs., Inc. v. Messick, 152 Md.App. 381, 831 A.2d 1144 (2003) (discussing waiver of the right to arbitrate a dispute based on participation in prior litigation that provided the party demanding arbitration with various benefits including: discovery; a "`second chance in another forum'" when the party obtained an adverse ruling in an earlier proceeding; forcing the opposing party to "`incur undue expense in terms of filing fees and [ ] duplicative expenses in replicating. . . the pleading and discovery phases of litigation in arbitration'"; and "`undue and unwarranted delay'") (citations omitted). However, Hillier served its answer and affirmative defenses to the action for declaratory relief on the same day that it served the motion to dismiss that included a demand for the arbitration of Torcon's claims for indemnity and breach of contract. Under these circumstances, Torcon cannot support its claim of waiver by pointing to any advantages that Hillier gained in the damages action by reason of its omission to demand arbitration in the action for declaratory relief.
We also note that although the subject matter of the action for declaratory relief is related to the other pending action, the claims asserted in each lawsuit are separate and distinct. For this additional reason, a finding of waiver would be inappropriate here. Finally, Torcon makes no argument for and cites no authority in support of the proposition that its attempt to require Hillier to participate in the mediation with the Owner is even subject to arbitration under the Contract.

V. CONCLUSION
For these reasons, we reverse the order under review, and we remand this case to the circuit court for the entry of an order compelling arbitration of the parties' dispute.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
[2] This form is identified as AIA Document B901, Standard Form of Agreement Between Design/Builder and Architect (Parts 1 and 2) (1996 edition).
[3] The parties agree that for purposes of Torcon's claims against Hillier, the operative portion of the Contract is the Part 2 Agreement.