975 So.2d 440 (2007)
Alfred O. BONATI, M.D., Medical Development Corporation of Pasco County, Gulf Coast Orthopedic Center-Alfred O. Bonati, M.D., P.A., GCOC Physical Therapy, Inc., and American Medical Care, Inc., d/b/a The Bonati Institute, Appellants,
v.
William and Gloria CLARK, Appellees.
No. 2D06-4089.
District Court of Appeal of Florida, Second District.
March 23, 2007.
Gary A. Shipman and William E. Whitney of Dunlap, Toole, Shipman & Whitney, P.A., Tallahassee, for Appellants.
C. Steven Yerrid, Ralph L. Gonzalez and Tammy J. Judge of The Yerrid Law Firm, Tampa, for Appellees.
WHATLEY, Judge.
Alfred O. Bonati, M.D., Medical Development Corporation of Pasco County, Gulf *441 Coast Orthopedic Center-Alfred O. Bonati, M.D., P.A., GCOC Physical Therapy Inc., and America Medical Care, Inc., d/b/a The Bonati Institute ("the Appellants") challenge the nonfinal order denying their motion to compel arbitration. We reverse.
William and Gloria Clark filed an action against the Appellants alleging, inter alia, medical negligence in the treatment of William. The Appellants responded by filing a motion to dismiss. The Clarks amended their complaint two times, and the Appellants filed motions to dismiss in response to both amended complaints. After a hearing on the motion to dismiss, the trial court dismissed one count of the complaint and otherwise denied the motion. The Appellants then filed their answer and affirmative defenses requesting a jury trial on all issues triable by a jury and asserting as their first affirmative defense the doctor-patient arbitration agreement signed by William Clark at the time he sought medical treatment. A little over a month later, the Clarks filed a motion to set trial. Later that same day, the Appellants faxed the Clarks a motion to compel arbitration, which motion they filed about a week later.
At the conclusion of the hearing on the motion to compel arbitration, the trial court found that the arbitration agreement covered all of the Clarks' claims against the Appellants. The court acknowledged that the filing of a motion to dismiss does not constitute a waiver of the right to arbitrate,[1] but stated that the filing of an answer and request for jury trial does. The court subsequently entered an order denying the motion to compel on the ground that the Appellants waived their right to arbitrate. This was error.
Although the Appellants asserted in their answer that they sought a jury trial on all issues triable by a jury, they also asserted as their first affirmative defense the existence of the arbitration agreement. These assertions are not mutually exclusive. One of the issues a trial court must decide in ruling on a motion to compel arbitration is whether an arbitrable issue exists. See Bland v. Health Care and Retirement Corp. of Am., 927 So.2d 252 (Fla. 2d DCA 2006). Thus, if the trial court had found that one or more issues were not subject to arbitration, the Appellants would have preserved their right to a jury trial on those issues. Because the Appellants asserted the arbitration agreement as their first affirmative defense in the same pleading in which they sought a jury trial on any issues triable by a jury, they did not waive their rights under the arbitration agreement. See Wieneke v. Raymond James & Assocs., Inc., 495 So.2d 869, 872 (Fla. 2d DCA 1986) ("[T]he appellees' filing of their answer and amended answer did not waive their right to arbitrate since they asserted the arbitration clause as their first affirmative defense in both pleadings.").
The Clarks argue that Williams v. Manor Care of Dunedin, 923 So.2d 615 (Fla. 2d DCA 2006), supports the trial court's ruling, but the facts of that case make it inapposite. In that case, Manor Care filed an answer, affirmative defenses, and a demand for jury trial without mentioning the existence of the arbitration agreement. It was not until nine days later that it filed a motion to compel arbitration. This court held that Manor Care acted in a manner inconsistent with the right to arbitrate by filing an answer and demanding a jury trial. It held that the subsequent filing of a motion to compel was ineffective to reclaim the right to arbitrate. In the present case, the Appellants asserted the arbitration *442 agreement as their first affirmative defense in their answer.
Accordingly, we reverse the order denying the motion to compel arbitration and remand with directions to the trial court to grant the motion.
Reversed and remanded with directions.
CASANUEVA and KELLY, JJ., Concur.
NOTES
[1] See Wieneke v. Raymond James & Assocs., Inc., 495 So.2d 869, 872 (Fla. 2d DCA 1986); Houchins v. King Motor Co. of Ft. Lauderdale, Inc., 906 So.2d 325 (Fla. 4th DCA 2005);