CLARK, J.
 

 Appellant challenges the trial court’s order that,
 
 inter alia,
 
 directs the parties to comply with an arbitration agreement. Appellant claims Appellees each waived their respective rights to arbitration by actively participating in litigation. Specifically, Appellant argues that Payroll Management, Inc., waived its arbitration right by filing a motion to dismiss, and Solid Waste Haulers of Florida, LLC, waived its right to arbitration by filing an answer that failed to include a demand for arbitration, prior to either entity’s filing a motion to compel arbitration. We find that Appellees did not engage in litigation that would waive their rights to arbitration, and we therefore affirm the trial court’s order to the extent it directs the parties to comply with the arbitration agreement.
 

 “Waiver” has been defined as “the voluntary and intentional relinquishment of a known right, or conduct which implies the voluntary and intentional relinquishment of a known right.”
 
 Raymond James Fin. Serv, Inc. v. Saldukas,
 
 896 So.2d 707, 711 (Fla.2005). When determining whether waiver has occurred in the arbitration agreement context, the question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the right to arbitrate.
 
 See id.
 
 In the instant case, neither Solid Waste Haulers’ nor Payroll Management’s actions constituted a waiver of the right to arbitration.
 
 See Bouati v. Clark,
 
 975 So.2d 440 (Fla. 2nd DCA 2007) (where a defendant files an answer and raises an arbitration agreement as an affirmative defense, defendant does not waive his right to arbitration);
 
 see also Houchins v. King Motor Co. of Fort Lauderdale,
 
 906 So.2d 325 (Fla. 4th DCA 2005) (internal citations omitted) (filing a motion to dismiss for failure to state a cause of action does not alone constitute active participation in litigation that would result in a waiver of a right to arbitration, regardless of whether such motion was filed prior to a motion to compel arbitration). As such, we affirm the trial court’s order to the extent it directs the parties to comply with the arbitration agreement.
 

 AFFIRMED.
 

 BENTON and LEWIS, JJ., concur.