EMAS, J.,
concurring.
I concur that reversal is warranted, as the trial court erred in denying arbitration under the allegations of the second amended complaint.[1] I write to further explain why arbitration should have been compelled even before the filing of the second amended complaint.
Dobal filed a complaint against Marshall Amaya and others, alleging that Dobal was employed by Damus, Ecker, Rosenthal and Marshall, M.D., P.A., (“Damus Ecker”) in 1997 pursuant to a written employment agreement (“the Employment Agreement”). Dobal attached the Employment Agreement to the complaint and alleged that, at the time she entered into the Employment Agreement, Damus Ecker orally promised Dobal a multi-year partnership agreement (“Oral Partnership Agreement”). Dobal alleged it was further agreed that this partnership would be accomplished by a written addendum to the Employment Agreement. In 2009, when no partnership materialized for Do-bal, she left her employment and filed suit. Her initial complaint alleged that Marshall Amaya was sued as the “successor entity” to Damus Ecker, and that Marshall Amaya assumed the responsibilities and liabilities under the Employment Agreement. Do-bal asserted causes of action for, inter alia, breach of the Employment Agreement.
Marshall Amaya filed a motion to dismiss, raising various defenses, including a statute of frauds defense to the Oral Partnership Agreement. The motion to dismiss also asserted that Dobal was required to arbitrate her claims pursuant to the arbitration provision in the Employment Agreement.[2] The trial court granted the motion to dismiss and gave Dobal leave to amend her complaint.
An amended complaint was filed and, like the original complaint, also attached, relied upon, and made reference to the terms of, the Employment Agreement. Dobal continued to assert that Marshall Amaya was the successor entity to Damus Ecker and, as such, expressly or impliedly assumed the obligations and liabilities of *1000 Damus Ecker under the original Employment Agreement. Dobal alleged that the oral promise of a multi-year partnership, made at the time of her employment, was intended to be a “partnership addendum” to the original Employment Agreement. Dobal asserted claims against Marshall Amaya for constructive termination and breach of both the Employment Agreement and the Oral Partnership Agreement.[3]
Marshall Amaya moved to dismiss the amended complaint, raising several defenses. As with the initial complaint, Marshall Amaya again sought to compel arbitration under the express terms of the Employment Agreement.
At the hearing on the motion to dismiss the amended complaint, the trial court denied the motion to dismiss, finding that Dobal’s amended complaint stated a cause of action. In announcing its decision, the trial court stated:
[B]ased upon the fact that you have alleged that ... your partnership agreement was an addendum to the original [written] agreement, I’m inclined to say, if it cannot stand on its own, meaning if your partnership agreement is not independent and cannot stand on its own, and it is simply an addendum, than I also think that I have to look at this arbitration clause that is in the contract that says that you all need to arbitrate.
The only thing that is going to happen is counsel is going to come in, once I have stated you have a cause of action, counsel is going to come in and move to compel arbitration.
I’m just telling you what I’m thinking. And if this addendum is part of your cause of action, I think it goes to arbitration, based upon the way it is plead. If it is not, then it — I have already stated that you stated a cause of action.
The court entered a written order which provided that “with the exception of the arguments concerning arbitration, [Marshall Amaya’s] Motion to Dismiss the Amended Complaint is hereby DENIED.” With regard to Marshall Amaya’s “arguments concerning arbitration”, the trial court stated in its order:
The court is concerned that the current allegations of the Amended Complaint appear based upon an alleged Employment Agreement containing a clear and express provision requiring arbitration of all disputes arising under or relating to such agreement under the rules of the American Arbitration Association; and the Court notes that Defendants, from the outset and consistently thereafter, raised this arbitration provision in their defensive motions.
However, instead of granting Marshall Amaya’s motion to compel arbitration,[4] the trial court, in the very same order in which it denied the motion to dismiss the amended complaint, granted Dobal leave to amend the complaint again to avoid being bound by the Employment Agreement’s “clear and express provision requiring arbitration.” [5] In this regard, the trial court *1001 erred. As this Court held in Roth v. Cohen, 941 So.2d 496, 499 (Fla. 3d DCA 2006): “When considering a motion to compel arbitration, three factors need to be considered: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived.” One need look no further than the trial court’s order denying the motion to dismiss to conclude that the trial court had considered all three factors and had concluded (absent another attempt to amend the complaint) that arbitration was required. Upon finding that Dobal’s amended complaint stated a cause of action (and denying the motion to dismiss the amended complaint), and having determined that there was a valid agreement to arbitrate, an existing arbitrable issue,[6] and no waiver of the right to arbitrate, the trial court should have followed the requirements of section 682.03(1), Florida Statutes, which provides:
A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.

. The second amended complaint, like the initial and amended complaints, attached as an exhibit, incorporated into the pleading, and made specific references to, the terms of the Employment Agreement, which is the operative agreement containing the arbitration provision at issue. There is an undeniable nexus and inextricable link between Dobal's claims, as asserted in all iterations of her complaint, and the original Employment Agreement.

. The Employment Agreement provided: "All claims, disputes and other matters in question between the parties arising out of, or relating to this Agreement, or the breach thereof, shall be decided by three person arbitration in accordance with the rules of the American Arbitration Association unless the parties mutually agree otherwise in writing. The foregoing agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.”

. For example, Dobal's amended complaint alleged: "This is an action for breach of contract arising out of the [Employment] Agreement and the subsequent partnership addendum to the [Employment] Agreement ...”

. We have previously held that a "motion to dismiss is, in substance, a simultaneous motion to compel arbitration and a demand for arbitration.” Hirschfeld v. Crescent Heights, X, Inc., 707 So.2d 955 (Fla. 3d DCA 1998).

.During the hearing, the trial court suggested to Dobal’s counsel: "[M]aybe what you want to do is amend it to not have it as an addendum....”

. Dobal has (properly) never contested the arbitrability of the issues. Nor could she do so, given the broad language of the arbitration clause in the Employment Agreement. See, e.g., Seifert v. U.S. Home Corp. 750 So.2d 633, 637 (Fla.1999) (recognizing that adding the phrase "relating to” to the phrase “arising out of” has the effect of broadening the scope of the arbitration clause).