ROTHENBERG, J.
AMS Staff Leasing, Inc. (“AMS”) appeals an order denying its motion to dismiss the complaint of Ocha Engineering Corp. (“Ocha”) and to compel arbitration. Because we find AMS did not waive its right to compel arbitration, we reverse.
AMS and Ocha entered into a contract providing that AMS would provide Ocha with workers for a project in exchange for payment. One of those workers was injured while working at Ocha’s job site, and the worker sued both Ocha and AMS for workers’ compensation. The claim proceeded to the Office of the Judges of Compensation Claims (“OJCC”), where Ocha asserted a claim against AMS for indemnification of any workers’ compensation claims due to a provision in the parties’ contract. AMS responded by arguing that the OJCC only had subject matter jurisdiction over workers’ compensation claims, and, thus, the OJCC could not adjudicate the contract dispute. The OJCC agreed that it lacked subject matter jurisdiction, and it advised the parties they would have to litigate the indemnification claim in circuit court.
Shortly thereafter, Ocha filed a four-count complaint against AMS in Miami-Dade Circuit Court, claiming indemnification, breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. AMS initially responded by filing a motion to dismiss Ocha’s complaint on the merits, but subsequently amended the motion to dismiss to assert AMS’s right to compel arbitration in Dallas, Texas, over any dispute arising out of the contract. The trial court found that AMS’s failure to raise its motion to compel arbitration[1] at the OJCC and in its origi *454 nal motion to dismiss constituted a waiver of the right to compel arbitration. We disagree.
Florida law provides that a party waives its right to compel arbitration by taking actions inconsistent with that right, including active participation in a lawsuit governed by the arbitration clause. Houchins v. King Motor Co. of Fort Lauderdale, Inc., 906 So.2d 325, 328 (Fla. 4th DCA 2005); Hirschfeld v. Crescent Heights, X, Inc., 707 So.2d 955, 956 (Fla. 3d DCA 1998). However, Florida law also provides that filing a motion to dismiss based on the merits of the claim, in and of itself, does not rise to the level of active participation in a lawsuit sufficient to waive the right to compel arbitration. Houchins, 906 So.2d at 328; Hirschfeld, 707 So.2d at 956.
We similarly find that AMS did not waive its right to compel arbitration by filing its motion to dismiss for lack of subject matter jurisdiction in the OJCC. Indeed, AMS took the only action it could have taken in that scenario. A tribunal without subject matter jurisdiction, as was the OJCC in this case, is not only precluded from adjudicating the merits of the dispute, but also from entering orders regarding that dispute, including a motion to compel arbitration. See Cesaire v. State, 811 So.2d 816, 817 (Fla. 4th DCA 2002) (“[A]n order entered without subject matter jurisdiction is void.”). Thus, the OJCC could not have ruled on a motion to compel arbitration even if AMS had presented one. Filing a motion to dismiss for lack of subject matter jurisdiction before a court with no authority over the claim was not inconsistent with AMS’s right to compel arbitration; and failing to file a motion to compel arbitration before a tribunal with no authority to enter that order cannot constitute a waiver.
AMS took no actions inconsistent with its right to compel arbitration, and it did not actively participate in the litigation below before filing its motion to compel arbitration. We therefore find that the trial court erred by deciding AMS waived that right and by denying AMS’s motion to compel arbitration.
Reversed.[2]

. A motion to dismiss based on a contractual arbitration clause is to be treated as a motion *454 to compel arbitration. Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149, 1150-51 (Fla. 2d DCA 1981).

. We decline to address the remainder of Ocha’s arguments, as they are without merit.